UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————————

JOHNNY WILLIAM BOYDE,

                                    Plaintiff,

                                                              5:21-CV-01277
v.                                                            (TJM/TWD)

JOSEPH E. FAHEY,

                                    Defendant.
———————————————————————————

APPEARANCES:

Johnny William Boyde
    *Plaintiff, pro se*
07001284
Onondaga County Justice Center
555 South States Street
Syracuse, New York 13202

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

On December 1, 2021, Johnny William Boyde ("Plaintiff") filed a Complaint asserting

three causes of action under 42 U.S.C. § 1983 against Joseph E. Fahey ("Defendant"), a retired

Onondaga County Court Judge.  (Dkt. No. 1.)  The undersigned granted Plaintiff's motion to

proceed *in forma pauperis* ("IFP") for purposes of initial review and recommended that the

District Court dismiss the Complaint with leave to amend.  (Dkt. No. 5.)  District Judge Thomas

J. McAvoy adopted the recommendation, and Plaintiff filed an Amended Complaint along with a

motion to proceed IFP.  (Dkt. Nos. 7, 8, 10.)  Judge McAvoy referred the motion and the

Amended Complaint to the undersigned.  (Dkt. No. 10 at 2.)  For the following reasons, the IFP

motion is GRANTED (Dkt. No. 7), and the undersigned RECOMMENDS that the District Court

DISMISS the Amended Complaint (Dkt. No. 8) WITHOUT LEAVE TO AMEND.

## I.      IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  Upon review, Plaintiff has submitted a completed and signed IFP Application, which demonstrates economic need.  (Dkt. No. 7.) Plaintiff has also filed the inmate authorization form required in this District.  (Dkt. No. 3; *see* N.D.N.Y. L.R. 5.1.4(b)(1)(B).)  Accordingly, Plaintiff's motion to proceed IFP is granted for purposes of this initial review.

## II.     SUFFICIENCY OF THE COMPLAINT

### A.      Legal Standard

This Court must conduct an initial review of complaints filed *in forma pauperis*, and "complaints in which a prisoner[1] seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915(e)(2)(B) (governing complaints filed *in forma pauperis*); 28 U.S.C. § 1915A (governing complaints filed by prisoners against the government). When reviewing these types of complaints, this Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *see also Allen v. Stringer*, No. 20-3953, 2021 WL 4472667, at *1 (2d Cir. Sept.

---

[1] Plaintiff is a "prisoner" as that term is used in 28 U.S.C. § 1915A(a).  (*See* Dkt. No. 8 at 2; *see also* 28 U.S.C. § 1915A(c) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").)

30, 2021) (applying Section 1915(e)(2)(B)); *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (applying Section 1915A).[2]

This Court must exercise caution when determining whether to *sua sponte* dismiss a *pro se* complaint on the grounds that it is frivolous. *See Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.*

When undertaking this initial review, the Court must construe *pro se* pleadings with the utmost leniency. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers"); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* It

---

[2] Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted. *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555; *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

**B.     The Amended Complaint Should be Dismissed**

Plaintiff's Amended Complaint should be dismissed because the asserted claims are frivolous, the Amended Complaint fails to state a claim upon which relief may be granted, and the Defendant is immune from suits brought under 28 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). First, the asserted claims are frivolous because they lack an arguable basis in law. *See Livingston*, 141 F.3d at 437. Construing Plaintiff's *pro se* Amended Complaint liberally, *Sealed Plaintiff*, 537 F.3d at 191, the undersigned concludes Plaintiff advances three claims against retired Onondaga County Court Judge Joseph E. Fahey under 28 U.S.C. § 1983. (*See* Dkt. Nos. 8, 8-1.) However, none of those claims advance a plausible, recognized, or meritorious legal theory. (*See* Dkt. No. 8-1 at 5-9.) Through his first claim, Plaintiff asserts Defendant wrongfully adjudicated his New York State criminal case from 2010 to 2015. *Id.* at 5-6. Through his second claim, Plaintiff asserts he submitted documents related to that criminal case to this Court. *Id.* at 6-7. Through his third and final claim, Plaintiff asserts he is entitled to several forms of relief. *Id.* at 8-9. These claims are frivolous because

they lack an arguable basis in law. *See Livingston*, 141 F.3d at 437. They should accordingly be dismissed pursuant to Section 1915(e)(2)(B)(i) and Section 1915A(b)(1). *See id.*

Second, the Amended Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). "To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005). Yet, Plaintiff failed to adequately allege what right or rights Defendant violated, how the Defendant violated his rights, when the Defendant violated his rights, and that Defendant was acting under color of state law during the relevant time. (*See generally* Dkt. No. 8.) In other words, the Amended Complaint lacks specific allegations about who did what, when they did it, and how their action or inaction caused Plaintiff's injury. *See id.; see, e.g.*, *Perez v. Colon*, No. 9:19-CV-0722 (BKS), 2019 WL 5102612, at *6 (N.D.N.Y. Oct. 11, 2019) ("In the absence of factual allegations sufficient to plausibly suggest that the defendant was personally involved in conduct that violated Plaintiff's constitutional rights, the complaint fails to state a cognizable claim against him/her."); *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) ("Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim.") (collecting cases). Absent these specific allegations, the Amended Complaint fails to state a claim upon which relief may be granted. *See Velez*, 401 F.3d at 84. It also fails to give the Defendant "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555; *see also* Fed. R. Civ. P. 8(a)(2). The Amended Complaint should accordingly be dismissed pursuant to Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1). *See Perez*, 2019 WL 5102612, at *6.

Third, the Defendant is immune from suit.  28 U.S.C. § 1915(e)(2)(B)(iii); 28 U.S.C. § 1915A(b)(2).  Although the allegations in the Amended Complaint do not clarify the context of Plaintiff's claims, Plaintiff appears to complain of Defendant's conduct while he was an Onondaga County Court Judge.  (*See generally* Dkt. No. 8.)  Claims against judges are barred by the doctrine of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see, e.g.*, *Hardy-Graham v. Southampton Just. Ct.*, No. 20-CV-0981(JS) (SIL), 2021 WL 260102, at *5 (E.D.N.Y. Jan. 25, 2021) (dismissing claims against a New York State court judge on initial review because of judicial immunity); *United States v. Bommer*, No. 1:19-CV-00823 (EAW), 2020 WL 1963159, at *4 (W.D.N.Y. Apr. 21, 2020) (same).  The Amended Complaint should accordingly be dismissed under Section 1915(e)(2)(b)(iii) and Section 1915A(b)(2).  *See Hardy-Graham*, 2021 WL 260102, at *5.

## III.    CONCLUSION

For the foregoing reasons, the undersigned recommends dismissing Plaintiff's Amended Complaint without leave to amend.  Typically, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-705 (2d Cir. 1991).  In this case, however, because Plaintiff has already had an opportunity to amend and additional amendment is unlikely to cure the substantive hurdles in his claims, the undersigned recommends dismissing this action without further leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see, e.g.*, *Animashaun v. Schmidt*, No. 17-CV-3026 (KAM), 2017 WL 4863083, at *3 (E.D.N.Y. Oct. 26, 2017) (dismissing plaintiff's amended complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) "because amendment would be futile.").

6

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 7) is **GRANTED** solely for purposes of initial review; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 8) be **DISMISSED WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: April 22, 2022
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)

2021 WL 4472667

2021 WL 4472667
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Doran ALLEN, Plaintiff-Appellant,

v.

Scott M. STRINGER, New York City Comptroller,
Warden AMKC-C-95, Defendants-Appellees.

20-3953
|
September 30, 2021

Appeal from a judgment of the United States District Court
for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY
ORDERED, ADJUDGED, AND DECREED** that the
judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Doran Allen, pro se,
Ossining NY.

FOR DEFENDANTS-APPELLEES: No appearance.

PRESENT: RICHARD C. WESLEY, RICHARD J.
SULLIVAN, Circuit Judges, JOHN G. KOELTL, District
Judge. [*]

[*]      Judge John G. Koeltl of the United States District
         Court for the Southern District of New York, sitting
         by designation.

## SUMMARY ORDER

Appellant Doran Allen, proceeding pro se, sued Scott M.
Stringer, in his capacity as New York City Comptroller, and
the unnamed warden of the Rikers Island Anna M. Kross
Center ("AMKC") under 42 U.S.C. § 1983 for violations of
the Due Process Clause of the Fourteenth Amendment. Allen
alleges that, while he was detained at AMKC, a corrections
officer refused to help him carry breakfast trays, causing him
to slip and fall on broken stairs, injuring himself. The district
court dismissed the complaint sua sponte for failure to state a
claim. We assume the parties' familiarity with the underlying

facts, the procedural history of the case, and the issues on
appeal.

We review de novo a district court's sua sponte dismissal of
a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*,
606 F.3d 51, 52 (2d Cir. 2010). Under that statute, the district
court must dismiss a complaint filed in forma pauperis if
it determines that the action "(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted;
or (iii) seeks monetary relief against a defendant who is
immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To
avoid dismissal, a complaint must plead "enough facts to
state a claim to relief that is plausible on its face." *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft
v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that "legal
conclusions" and "[t]hreadbare recitals of the elements of a
cause of action, supported by mere conclusory statements, do
not suffice" to plead a viable claim). Pro se submissions are
reviewed with "special solicitude," and "must be construed
liberally and interpreted to raise the strongest arguments that
they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d
471, 474–75 (2d Cir. 2006) (internal quotation marks and
emphasis omitted).

Conditions-of-confinement claims brought by pretrial
detainees are analyzed under the Fourteenth Amendment's
Due Process clause. *Darnell v. Pineiro*, 849 F.3d 17, 29
(2d Cir. 2017). To state such a claim, a plaintiff must
satisfy both an objective prong and a subjective prong.
*See id.* The objective prong requires "showing that the
challenged conditions were sufficiently serious to constitute
objective deprivations of the right to due process," while
the subjective prong requires "showing that [an] officer
acted with at least deliberate indifference to the challenged
conditions." *Id.* (internal quotation marks omitted). If a
conditions-of-confinement claim is predicated on an unsafe
condition, a court will analyze "whether society considers
the risk that the prisoner complains of to be so grave that it
violates contemporary standards of decency to expose *anyone*
unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25,
36 (1993).

Allen alleges that he slipped or tripped on broken stairs,
causing him to fall. But while the existence of broken stairs
could be deemed to constitute negligence on the part of
the prison, broken stairs alone cannot satisfy the objective
prong of a conditions-of-confinement claim. *See McCray v.
Lee*, 963 F.3d 110, 120 (2d Cir. 2020) (explaining that the
defendant's complaint alleging unconstitutional conditions of

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)

2021 WL 4472667

confinement after a slip and fall in an icy prison yard did not show "exceptional circumstances" that would "elevate" the conditions "beyond the typical level of danger presented by a slippery sidewalk or a wet floor"). Because broken stairs cannot be considered a risk that is "so grave that it violates contemporary standards of decency," Allen's conditions-of-confinement claim was properly dismissed. *Helling*, 509 U.S. at 36.

**\*2** But even if it could be argued that Allen alleged an objectively serious condition, the district court properly dismissed Allen's claims against Stringer and the AMKC warden due to the obvious deficiencies in Allen's complaint. As the district court concluded, the suit against the warden in his official capacity was more properly a suit against the City of New York because Allen did not allege that the warden personally had done or failed to do anything that violated his rights. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity... should be treated as suits against the State."). Similarly, Stringer, as the New York City Comptroller, is sued in his official capacity. Allen was therefore obligated to allege sufficient facts showing that the Fourteenth Amendment violation occurred "pursuant to a municipal policy or custom," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing, inter alia, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978)), or was caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). Allen did not allege any facts showing that the corrections officer acted pursuant to an unconstitutional policy or custom, or that the City of New York failed to train its corrections officers, as required for such a claim.

The district court also did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims because the district court properly dismissed Allen's § 1983 claim, the only claim over which it had original jurisdiction. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

Finally, the district court did not err by denying Allen leave to amend his complaint. A district court should not dismiss a pro se plaintiff's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). As discussed above, the incident involving the corrections officer and the broken steps did not amount to a due process violation, and that deficiency in the complaint cannot not be cured. Accordingly, amendment would have been futile.

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

### All Citations

Not Reported in Fed. Rptr., 2021 WL 4472667

---

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Perez v. Colon, Not Reported in Fed. Supp. (2019)

Case 5:21-cv-01277-TJM-TWD    Document 12    Filed 04/22/22    Page 10 of 37

2019 WL 5102612

2019 WL 5102612
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Felipe PEREZ, Plaintiff,

v.

Mr. COLON, Mr. Russo, Mr. Wiggins, Waters, Mr.
Tilden, Mr. Banks, Officer John Doe #1, Officer
John Doe #2, Officer John Doe #3, Officer John
Doe #4, Officer John Doe #5, Officer John Doe #6,
Officer John Doe #7, Officer John Doe #8, Officer
John Doe #9, Officer John Doe #10, Officer John
Doe #11, Nurse Practitioner Jane Doe Registered
Nurse Jane Doe, and Dr. John Doe, Defendants.

Felipe Perez, Plaintiff,

v.

Mr. Carter, Sgt. John Doe, Mr. Waters, Officer
John Doe #1, Officer John Doe #2, Officer John
Doe #3, Chaplain, and Sergeant Colon, Defendants.

9:19-CV-0722 (TJM/DJS), 9:19-CV-0824 (BKS/TWD)
|
Signed 10/11/2019

**Attorneys and Law Firms**

FELIPE PEREZ, Plaintiff, pro se, 17-A-5251, Sing Sing
Correctional Facility, 354 Hunter Street, Ossining, NY 10562.

**DECISION and ORDER**

BRENDA K. SANNES, United States District Judge

**I. INTRODUCTION**

 *1 On June 19, 2019, pro se plaintiff Felipe Perez
("Plaintiff") commenced a civil rights action in this Court
asserting claims arising out of his confinement in the custody
of the New York State Department of Corrections and
Community Supervision ("DOCCS") at Marcy Correctional
Facility ("Marcy C.F."). *Perez v. Donahue, et al.*, No. 9:19-
CV-0722 (TJM/DJS), Dkt. No. 1 ("*Perez I*"). In a Decision
and Order filed on August 20, 2019 (the "August Order"),
Plaintiff was granted leave to proceed in forma pauperis and
the defendants were directed to respond to the following
claims: (1) Eighth Amendment conditions-of-confinement
claims against defendant Banks; (2) Eighth Amendment
excessive force claims against defendants Colon, Russo,

Wigins, Waters, Tilden, Banks, Officer Does #1 through #11
related to incidents that occurred on June 9, 2019; and (3)
Fourteenth Amendment claims related to unwanted medical
treatment against defendants Dr. Doe and Russo.[1] *Perez I*,
Dkt. No. 7.

[1]    On August 26, 2019, summons were issued to
       defendants. Dkt. No. 8.

Presently before the Court for consideration is a second pro
se Complaint filed by Plaintiff asserting claims arising out of
his confinement at Marcy C.F. in June 2019. *Perez v. Carter,
et al.*, No. 9:19-CV-0824 (BKS/TWD), Dkt. No. 1 ("*Perez
II*"). Plaintiff has not paid the statutory filing fee and seeks
leave to proceed in forma pauperis. *Perez II*, Dkt. No. 3 ("IFP
Application").

**II. IFP APPLICATION**

"28 U.S.C. § 1915 permits an indigent litigant to commence
an action in a federal court without prepayment of the filing
fee that would ordinarily be charged." *Cash v. Bernstein,*
No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct.
26, 2010).[2] "Although an indigent, incarcerated individual
need not prepay the filing fee at the time of filing, he must
subsequently pay the fee, to the extent he is able to do so,
through periodic withdrawals from his inmate accounts." *Id.*
(citing 28 U.S.C. § 1915(b) and *Harris v. City of New York,*
607 F.3d 18, 21 (2d Cir. 2010)).

[2]    Section 1915(g) prohibits a prisoner from
       proceeding in forma pauperis where, absent a
       showing of "imminent danger of serious physical
       injury," a prisoner has filed three or more actions
       that were subsequently dismissed as frivolous,
       malicious, or failing to state a claim upon which
       relief may be granted. *See* 28 U.S.C. § 1915(g).
       The Court has reviewed plaintiff's litigation history
       on the Federal Judiciary's Public Access to Court
       Electronic Records ("PACER") Service. *See* http://
       pacer.uspci.uscourts.gov. It does not appear from
       that review that Plaintiff had accumulated three
       strikes for purposes of 28 U.S.C. § 1915(g) as of
       the date this action was commenced.

Upon review of Plaintiff's IFP Application, the Court finds
that he has demonstrated sufficient economic need. *See*
28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate
authorization form required in this District. Dkt. No. 4.
Accordingly, the Court grants Plaintiff's IFP Application.

Perez v. Colon, Not Reported in Fed. Supp. (2019)

2019 WL 5102612

Case 5:21-cv-01277-TJM-TWD   Document 12   Filed 04/22/22   Page 11 of 37

## III. SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

**\*2** Having found that Plaintiff meets the financial criteria for commencing this action in forma pauperis, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – ... (B) the action ... (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). [3]

[3]     To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at \*1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-

CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Summary of the Complaint

The following facts are set forth as alleged by Plaintiff in his Complaint.

**\*3** In June 2019, Plaintiff was confined in Housing Unit A2, Cell 39, in the Residential Mental Health Unit ("RMHU") at Marcy C.F. Compl. at 3. On June 9, 2019, on an Islamic holiday, between 3:00 p.m. and 11:00 p.m., Plaintiff was performing Islamic faith prayers in his cell when he was "pepper sprayed without warning" by defendant Sergeant Colon ("Colon"). *Id.* at 6.

On June 17, 2019, between 7:00 a.m. and 3:00 p.m., Plaintiff attempted to speak with defendant Captain Carter ("Carter"), the Director of the RMHU. Compl. at 3. Carter told Plaintiff, "if you don't like what Sergeant Colon did to you and beat your ass with my officers suck it up cause [sic] the next time you'll die Perez!" *Id.* At or around the same time, Plaintiff told defendant Sergeant Doe ("Sgt. Doe") that he had "injuries" and requested permission to "see medical." *Id.* at 4. Sgt. Doe refused to allow Plaintiff to seek treatment. *Id.* During the same shift, defendant Waters approached Plaintiff's cell and questioned Plaintiff about his "blacked eye." [4] *Id.* at 5. Waters

Case 5:21-cv-01277-TJM-TWD    Document 12    Filed 04/22/22    Page 12 of 37

Perez v. Colon, Not Reported in Fed. Supp. (2019)
2019 WL 5102612

told Plaintiff, "I'd do a better job at that" and stated "if I hit you, I would of [sic] broken your eye socket." Compl. at 5.

4    Plaintiff has not plead facts related to how or when he sustained an injury to his eye. However, in *Perez I*, Plaintiff claimed that Officers Russo, Wigins, Waters, Tilden, John Does #1 through #3, Colon, and Banks "assaulted" him on June 9, 2019. *See Perez I*, Compl. at 9.

On June 17, 2019, between 3:00 p.m. and 11:00 p.m, Colon approached Plaintiff's cell and threatened Plaintiff with violence if he continued to ask for medical treatment. Compl. at 4. Colon also threatened to "spray 2 tanks of OC tear gas" in Plaintiff's cell if he refused to take his "medication." *Id.* at 5. Plaintiff was so "afraid" of Colon that he defecated himself. *Id.*

Plaintiff also claims that while he was confined to the RMHU, defendants Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3 mocked Plaintiff and pointed to his black eye. Compl. at 6. Officer John Doe #2 told Plaintiff, "we might have to do the other eye so we can go out on workers compensation." *Id.*

Construed liberally,[5] Plaintiff asserts the following: (1) First Amendment claim related to religious rights against Colon; (2) Eighth Amendment excessive force claim against Colon; (3) Eighth Amendment claims related to threats against Colon, Carter, Waters, and John Does #1 through #3; and (4) Eighth Amendment deliberate medical indifference claim against Sgt. Doe. *See generally*, Compl. Plaintiff seeks monetary damages. *Id.* at 8-12. For a complete statement of Plaintiff's claims and the facts he relies on in support of those claims, reference is made to the Complaint.

5    The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations,

not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

**C. Nature of Action**

**\*4** Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at \*2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

The Court will construe the allegations in the Complaint with the utmost leniency. *See, e.g.,* *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

**IV. CONSOLIDATION OF *PEREZ I* AND *PEREZ II***

Actions involving common questions of law or fact pending before a court may be consolidated to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). While courts have broad discretion to consolidate in the interests of judicial economy, efficiency concerns must be balanced against the potential for confusion or prejudice. *Kelly v. Kelly*, 911 F.Supp. 66, 69 (N.D.N.Y. 1996). As part of its general power to administer its docket, "a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000). A suit is duplicative where the "claims, parties, and available relief do not significantly differ between the two actions." *Morency v. Vill. of Lynbrook*, 1 F.Supp.3d 58, 62 (E.D.N.Y. 2014).

The Complaints in *Perez I* and *Perez II* assert claims related to the incidents that occurred at the RMHU in June 2019. Waters, Colon, and Officers John Does 1 through 3 (on duty from 3:00 p.m. to 11:00 p.m. on June 9, 2019) are named as

Perez v. Colon, Not Reported in Fed. Supp. (2019)
Case 5:21-cv-01277-TJM-TWD   Document 12   Filed 04/22/22   Page 13 of 37
2019 WL 5102612

defendants in both actions. While the remaining defendants in the two actions are different, due to the common questions of law and facts in *Perez I* and *Perez II*, the two lawsuits will be consolidated in order to avoid the risks associated with duplicative actions and prevent the defendants from having to defend against two actions involving overlapping factual allegations. *See Jones v. Nassau Cty. Corr. Inst.*, No. 14-CV-1217, 2014 WL 1277908, at *3 (E.D.N.Y. Mar. 26, 2014) (consolidating cases despite the fact that the named defendants were different). The lead case is designated as *Perez I*, and the member case will be transferred from the undersigned to Senior District Judge Thomas J. McAvoy. All further Orders of the Court and papers submitted by the parties that pertain to either of the foregoing actions shall be filed in *Perez I*.

## V. ANALYSIS

### A. First Amendment - Freedom of Religion

Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause. *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, [however,] are the interests of prison officials charged with complex duties arising from administration of the penal system." *Id.* (citing *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)). "To assess a free exercise claim, a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers some legitimate penological objective." *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988) (citations omitted). A prisoner "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274–75 (2d Cir. 2006) (citing *Ford*, 352 F.3d at 591). [6] A religious belief is "sincerely held" when the plaintiff subjectively, sincerely holds a particular belief that is religious in nature. *Ford*, 352 F.3d at 590. A prisoner's sincerely held religious belief is "substantially burdened" where "the state puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jolly v. Coughlin*, 76 F.3d 468, 476–77 (2d Cir. 1996). Once a plaintiff establishes that a sincerely held religious belief has been substantially burdened, "[t]he defendants then bear

the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct; the burden remains with the prisoner to show that these articulated concerns were irrational." *Salahuddin*, 467 F.3d at 275 (quoting *Ford*, 352 F.3d at 595) (punctuation omitted).

[6]  The Second Circuit has yet to decide whether the "substantial burden" test survived the Supreme Court's decision in *Emp't Div. v. Smith*, 494 U.S. 872, 887 (1990), in which the Court suggested that application of the test "puts courts in 'the unacceptable business of evaluating the relative merits of differing religious claims.' " *Ford*, 352 F.3d at 592 (quoting *Emp't Div.*, 494 U.S. at 887); *see also Williams v. Does*, 639 Fed. Appx. 55, 56 (2d Cir. May 6, 2016) ("We have not yet decided whether a prisoner asserting a free-exercise claim must, as a threshold requirement, show that the disputed conduct substantially burdened his sincerely held religious beliefs."); *Holland v. Goord*, 758 F.3d 215, 220-21 (2d Cir. 2014) (declining to decide whether a prisoner must show, as a threshold matter, that the defendants' conduct substantially burdened his sincerely held religious beliefs in connection with a First Amendment free exercise claim). In the absence of any controlling precedent to the contrary, I have applied the substantial-burden test in this matter.

**\*5** Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's First Amendment Free Exercise claim against Colon survives sua sponte review and require a response. *See Shakur v. Selsky*, 391 F.3d 106, 120 (2d Cir. 2004) (finding that the District Court erred when it *sua sponte* dismissed prisoner's First Amendment claim asserting that the defendants had refused to allow prisoner to attend the feast of Eid ul Fitr). In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### B. Eighth Amendment - Excessive Force

In *Perez I,* the Court directed Colon to respond to Plaintiff's Eighth Amendment claims related to the use of pepper spray on June 9, 2019. *Perez I*, Dkt. No. 7 at 9. To the extent that Plaintiff attempts to assert an Eighth Amendment excessive force claim against Colon based upon the June 9, 2019 incident, that claim is dismissed as duplicative.

Perez v. Colon, Not Reported in Fed. Supp. (2019)
2019 WL 5102612

Case 5:21-cv-01277-TJM-TWD   Document 12   Filed 04/22/22   Page 14 of 37

#### C. Eighth Amendment - Threats

Allegations of verbal harassment or abuse, without an allegation of an actual injury, are insufficient to support a § 1983 claim. *Johnson v. Eggersdorf*, 8 Fed. Appx. 140, 143 (2d Cir. 2001) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). The intentional infliction of psychological pain may constitute an Eighth Amendment violation only if the pain is not de minimis. *See Jermosen v. Coughlin*, No. 87-CV-6267, 1993 WL 267357 at *6 (S.D.N.Y. July 9, 1993), aff'd, 41 F.3d 1501 (2d Cir. 1994) (finding that officers' approach "with their nightsticks raised in a threatening position was not enough to cause the degree of psychological pain which rises to the level of a constitutional violation"); *Greene v. Mazzuca*, 485 F.Supp.2d 447, 451 (S.D.N.Y. 2007) (being yelled at, spit at, and threatened with time in the SHU, without an allegation of serious injury or damage, did not rise to the level of a § 1983 claim).

In this case, given the severity of the alleged conduct, i.e., the alleged assault(s) on June 9, the presence of the same officers on June 17, and the conduct on June 17, as well as Plaintiff's alleged harm, the Court finds that, at this point, Plaintiff's injurious threats cause of action survives initial review and requires a response from Colon, Carter, Waters, Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3. This is not a ruling on the merits and the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion. [7]

[7]    Because some of the Eighth Amendment claims are asserted against corrections officers whose names are not known to Plaintiff, service of process cannot be effected on them unless and until these individuals have been identified by name. If Plaintiff wishes to pursue his claims against defendants Officer John Does 1, 2, and 3, he must take reasonable steps to ascertain through discovery the identity of those individuals. Upon learning the identities of the unnamed defendants, Plaintiff must amend the operative complaint to properly name those individuals as parties. If Plaintiff fails to ascertain the identity of the John Doe defendants so as to permit timely service of process, all claims against those individuals will be dismissed.

#### D. Eighth Amendment - Medical Indifference

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted). Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Blyden*, 186 F.3d at 262 (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.' ").

**\*6**  "Non-medical prison personnel engage in deliberate indifference where they 'intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel.' " *Baumann v. Walsh*, 36 F.Supp.2d 508, 512 (N.D.N.Y. 1999).

Construing the Complaint liberally, Plaintiff alleges that Sgt. Doe refused to allow him to receive medical treatment for injuries that he sustained during a physical altercation. *See* Compl. at 4. The Complaint however, lacks facts related to the nature of the treatment sought or the injuries he allegedly suffered. Plaintiff has not pleaded that he told Sgt. Doe that he was in extreme pain and has failed allege that Sgt. Doe was present during the alleged altercation(s) or that he was otherwise aware that Plaintiff's condition was severe. As presently constituted, the pleading does not plausibly allege that Plaintiff had serious medical needs or that Sgt. Doe knew of and disregarded an excessive risk to Plaintiff's health or safety.

Consequently, Plaintiff's Eighth Amendment deliberate medical indifference claims against Sgt. Doe are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

#### E. Claims Against Chaplain

Perez v. Colon, Not Reported in Fed. Supp. (2019)
Case 5:21-cv-01277-TJM-TWD   Document 12   Filed 04/22/22   Page 15 of 37
2019 WL 5102612

Plaintiff names the Chaplain as a defendant in the caption and list of parties. Compl. at 1, 7. However, Plaintiff did not attribute any of the alleged constitutional violations to the Chaplain. Indeed, this defendant is not referenced anywhere in the body of the Complaint. In the absence of factual allegations sufficient to plausibly suggest that the defendant was personally involved in conduct that violated Plaintiff's constitutional rights, the complaint fails to state a cognizable claim against him/her. *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007)* ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014)* (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint). Accordingly, Plaintiff's claims against the Chaplain are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's in forma pauperis application (Dkt. No. 3) is **GRANTED**;[8] and it is further

[8]  Plaintiff should note that, although the Court has granted his application to proceed in forma pauperis, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's inmate authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**\*7 ORDERED** that the Clerk of the Court provide a copy of Plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the Clerk shall consolidate Civil Actions Nos. 9:19-CV-0722 (TJM/DJS) and 9:19-CV-0824 (BKS/TWD), with the first of those two actions being designated as the lead case;

**ORDERED** that all future filings in these cases are to be filed in the docket for case No. 19-CV-0722; and it is further

**ORDERED** that the Clerk shall reassign *Perez II* to the Senior Judge Thomas J. McAvoy and Daniel J. Stewart as the assigned Magistrate Judge, add to this action the defendants in *Perez II* who are not already defendants in this action, re-docket Complaint in *Perez I*, and attach to it the Complaint in *Perez II*, which together shall represent the master consolidated Complaint; and it is further

**ORDERED** that the following claims are **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b): (1) Eighth Amendment excessive force claim against Colon; (2) Eighth Amendment deliberate medical indifference claim against Sgt. Doe; and (3) claims against the Chaplain;[9] and it is further

[9]  Should Plaintiff seek to pursue a claim dismissed without prejudice by the Court herein, he must file an amended complaint. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Any amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

**ORDERED** that the following claims survive sua sponte review and require a response: (1) First Amendment Free Exercise claim against Colon; and (2) Eighth Amendment claims related to threats against Colon, Carter, Waters, and John Does #1, #2, and #3; and it is further

**ORDERED** that the Chaplain is **DISMISSED** as a defendant herein; and it is further

**ORDERED** the Clerk shall issue a summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summonses and Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**Perez v. Colon, Not Reported in Fed. Supp. (2019)**
Case 5:21-cv-01277-TJM-TWD    Document 12    Filed 04/22/22    Page 16 of 37
2019 WL 5102612

**ORDERED** that a response to the Complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that Plaintiff shall take reasonable steps through discovery to ascertain the identity of defendants Officer Does #1 through #3. **Plaintiff's failure to timely serve those defendants will result in dismissal** of the claims asserted against them and termination of those defendants from the action; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

 **\*8  ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 5102612

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 260102
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Andrew HARDY-GRAHAM, Plaintiff,

v.

SOUTHAMPTON JUSTICE COURT, Southampton
Town Police Dept., Jane Doe, Eileen Powers, John Doe 2,
Keith Lawston, Barbara Wilson, John Doe, Defendants.

20-CV-0981(JS)(SIL)
|
Signed 01/25/2021

**Attorneys and Law Firms**

For Plaintiff: Andrew Hardy-Graham, 836 Davis Avenue,
Uniondale, New York 11553.

For Defendants: No appearances.

MEMORANDUM AND ORDER

SEYBERT, District Judge:

 **\*1**  Before the Court is the Second Amended Complaint
(ECF No. 9; hereafter, the "SAC") filed in forma pauperis
by pro se plaintiff Andrew Hardy-Graham ("Plaintiff")
purporting to allege civil rights violations pursuant to 42
U.S.C. § 1983 ("Section 1983") against the Southampton
Justice Court (the "SJ Court"), the Southampton Town Police
Department (the "Police Department"), Eileen Powers, Esq.
("Powers"), Keith Lawston ("Officer Lawston"), Barbara
Wilson ("Justice Wilson"), and three unidentified individuals
who are alleged to be "police or court officers" ("John Doe 1",
"John Doe 2", "Jane Doe", and collectively, "Defendants").
Upon review of the SAC in accordance with the in forma
pauperis statute, 28 U.S.C. § 1915, the Court finds that
Plaintiff has failed to allege a plausible claim for relief
as against the SJ Court, the Police Department, Justice Wilson,
Powers, and Jane Doe. Accordingly, the SAC is DISMISSED
as against these Defendants pursuant to 28 U.S.C. § 1915(e)
(2)(B). Though attenuated, Plaintiff's remaining excessive
force claims against Lawston and John Does 1 and 2 shall
proceed and the Court ORDERS service of the Summonses
and the SAC by the United States Marshals Service (USMS)
as set forth herein.

BACKGROUND

By Memorandum and Order dated May 15, 2020, the
Court granted Plaintiff's application to proceed in forma
pauperis and dismissed Plaintiff's Amended Complaint
without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and
Federal Rule of Civil Procedure 8. (See Memo & Order, ECF
No. 8.) Plaintiff was granted leave to file a SAC within thirty
(30) days and, on June 15, 2020, Plaintiff timely did so. (See
SAC, ECF No. 9.) Because Plaintiff largely complained of
events alleged to have occurred in 2014, the Court ordered
Plaintiff to show cause (hereafter, "OSC") why his claims
arising from events alleged to have occurred during February
2014 are not barred by the applicable statute of limitations.
(See OSC, ECF No. 10.) On September 21, 2020, Plaintiff
filed an unsigned response to the OSC that barely addressed
the timeliness of his claims. (See Response, ECF No. 11.)
Rather, Plaintiff largely argued the merits of his claims. (See
id.)

In an abundance of caution and in light of Plaintiff's pro se
status, the Court issued another Order to Show Cause whereby
Plaintiff was "afforded a final opportunity to properly
respond ... in writing, by October 30, 2020, why his Section
1983 claims are not barred by the applicable three-year
statute of limitations." (Sept. 25, 2020 Elec. Order to Show
Cause; hereafter, "Electronic OSC.") Plaintiff's response to
the Electronic OSC was dated October 29, 2021 and was
received by the Court on November 2, 2020; it has been
accepted for filing. (See Reply, ECF No. 12.)

The Court finds that, at this early stage in the proceedings
and though barely, Plaintiff has demonstrated that he acted
with reasonable diligence during the time period he seeks
to be tolled and that his circumstances are so extraordinary
that the equitable tolling doctrine should apply. See Zerilli-
Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80-81 (2d
Cir. 2003) (internal citations and quotation marks omitted).
Specifically, Plaintiff reports that his untimely filing was a
result of the conditions of his confinement at the Suffolk
County Correctional Facility, as well as his homelessness,
addiction, and recovery efforts. (See Reply, generally, and
at 2-3.) Plaintiff describes that corrections officers "did
not allow complaints and used fear to keep inmates from
trying to complain." (Id. at 3.) He also explains that his
"appeal paperwork was damaged in Suffolk County jail
transfers and cell tossing." (Id.) Further, Plaintiff states that
he was homeless after his release from incarceration and he

"prioritized survival over recovering what was lost. I lost personal items and release paperwork." (Id.) According to Plaintiff, once he "recovered some stability" in his sobriety and the necessities of living, he focused on his claims. (Id. at 5.) Thus, the Court finds that Plaintiff's response to the Electronic OSC sufficiently demonstrates a basis for equitable tolling of the statute of limitations.[1] Accordingly, the Court next considers the merits of Plaintiff's claims in accordance with the screening provision of 28 U.S.C. § 1915(e)(2)(B).

[1]    However, this finding is without prejudice to the further adjudication of the timeliness of Plaintiff's claims should the Defendants raise the statute of limitations as an affirmative defense.

### THE SECOND AMENDED COMPLAINT

**\*2**  Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation of his Sixth, Eighth, and Fourteenth Amendment rights, as well as several sections under Title 18 of the United States Code, specifically 18 U.S.C. §§ 1510, 1512, and 1519. (SAC, ¶ II.A.[2])

[2]    Plaintiff also lists 28 U.S.C §§ 455, 1332, 1343, 1361, and 1491; "C.P.L.P 213", "Prisoner Reform Laws", and "466 U.S. 668."

According to his SAC, in February 2014, Plaintiff was arrested after breaking the windshield of his then-girlfriend's car. (SAC at 6.) Plaintiff was "detained and held overnight" by the Police Department. (Id.) Plaintiff was then taken by Southampton Town police to the SJ Court for arraignment on criminal mischief charges. (See id.) He describes respectfully "request[ing] to use the bathroom multiple times" to Jane Doe and to Officer Lawston. (Id.) Jane Doe allegedly advised Plaintiff that he could not use the restroom if he was next to be called for Court and Officer Lawston just questioned why Plaintiff did not go before leaving his cell for Court. (See id. at 6-7.) Plaintiff alleges that he had consumed "two oranges juices" necessitating his need to use the restroom. (Id.) He claims hearing a toilet flush and again asking Officer Lawston to use the bathroom since it was "right there." (Id. at 7.) Plaintiff contends that while Officer Lawston told him to go, when he attempted to do so, Officer Lawston "pulled" Plaintiff and physically kept Plaintiff from using the restroom. (Id.)

According to Plaintiff, he then "jump[ed] on top of the seating arrangement ... protesting ... [that he] will not sit until he goes to the bathroom or until Defendant Keith Lawston attempts to trip (Pl[aintiff] ) from 3 feet above ground where (Pl[aintiff] ) protested." (Id.) Plaintiff describes that he "gave up the protest but did not sit" and instead "lung[ed] for the bathroom" when Officer Lawston "put[ ] an elbow to [Plaintiff's] throat." (Id.) Officer Lawston allegedly "trips both parties" and "propel[led] [Plaintiff] towards the exit, not the restroom." (Id.)

Plaintiff asserts that John Doe entered and, after consultation with Officer Lawston, accused Plaintiff of "multiple charges" including attempted escape and assaulting an officer. (Id.) Plaintiff also claims that John Doe "ignored" his request to use the restroom and, instead, restrained Plaintiff. (Id. at 7-8.) Plaintiff contends that, thereafter, he was placed face-down on the floor, with an unknown officer twisting Plaintiff's arm until it hurt and digging his knee into Plaintiff's back. (See id. at 8.) Plaintiff alleges that Jane Doe then pointed a taser at him and threatened to taser him because he was yelling and kicking. (See id.)

Plaintiff was then taken back to the Police Department where he was placed on suicide watch after Plaintiff said "I should kill myself." (Id.) Claiming to have used that phrase as a "figure of speech", Plaintiff further contends he has never been suicidal or violent. (Id.) The following day, Plaintiff was returned to the SJ Court for arraignment where he again requested to use the bathroom. (See id.) Plaintiff claims that he "possibl[y] [has a] small bladder" and his request was ignored by John Doe 2. (See id.) When Jane Doe called Plaintiff's name, Plaintiff requested to use the bathroom, to which Jane Doe acquiesced and for which Plaintiff was grateful and relieved. (See id.)

**\*3**  Next, Plaintiff complains about his court-appointed attorney, Powers, claiming she called him an "asshole" and has a reputation, as reported in the newspapers, for representing "a rape/murder[er] Mexican." (Id. at 8-9.) Therefore, Plaintiff requested that Powers be relieved from her representation of him. (See id.) Justice Wilson did not permit Powers to be relieved; thus, Plaintiff asserts that Powers defended him without his consent. (See id. at 8-9.)

Finally, Plaintiff alleges that the "Suffolk County Jail does not allow timely visits to the law library", "has no grievance policy", and "flipped cells destroying important documents, tainting pro se efforts." (Id. at 9.)

As a result of the foregoing, Plaintiff claims to have suffered "monetary and mental damages" for which he seeks to recover a damages award in the total sum of $1 million. (SAC, ¶II.B(3), ¶IV.)

DISCUSSION

Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While " 'detailed factual allegations' " are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A. Claims Brought Pursuant to 18 U.S.C. §§ 1510, 1512, and 1519

Plaintiff seeks to pursue claims for relief pursuant to three sections of Title 18 of the United States Code, specifically 18 U.S.C. §§ 1510, 1512, and 1519. (See SAC, ¶II.A.) However, these sections are criminal statutes that proscribe the obstruction of justice and do not provide for a private right of action. See Arthur Andersen LLP v. United States, 544 U.S. 696, 703, 125 S. Ct. 2129, 2134 (2005) ("Chapter 73 of Title 18 of the United States Code provides criminal sanctions for those who obstruct justice."); see also LoPorto v. County of Rensselaer, No. 15-CV-0866, 2018 WL 4565768, at *16 (N.D.N.Y. Sept. 24, 2018) ("[T]here is no indication that §

1510 creates an individual right that can be enforced ....."); Hilow v. Rome City Sch. Dist., No. 14-CV-288, 2015 WL 893050, at *8 (N.D.N.Y. Mar. 2, 2015) (finding 18 U.S.C. § 1512 does not contain a private right of action); Kalola v. Int'l Bus. Machines Corp., No. 19-CV-9900, 2019 WL 6879307, at *3 (S.D.N.Y. Dec. 16, 2019) ("[N]o private right of action exists under the criminal statutes enumerated above", including 18 U.S.C. § 1519 (citing Bruin v. White, 2019 WL 4889270, at *4 (W.D. Ky. Oct. 3, 2019) (finding no private cause of action under 18 U.S.C. § 1519)). Accordingly, because there is no private right of action under these criminal statutes, these claims are implausible, warranting their DISMISSAL pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

B. Claims Brought Pursuant to 28 U.S.C §§ 455, 1332, 1343, 1361, and 1491; "C.P.L.P 213", "Prisoner Reform Laws", and "466 U.S. 668" [3]

> Insofar as Plaintiff also includes "C.P.L.P. 213", "Prisoner Reform Laws", and "466 U.S. 668", none of these cites provide a cause of action or claim for relief. It appears that Plaintiff intended to cite to N.Y. C.P.L.R. § 213 in support of his mistaken belief that the statute of limitations applicable to his claims is six years. Additionally, Plaintiff's vague reference to unidentified "Prison Reform Laws" and his citation to Strickland v. Washington, 466 U.S. 668 (1984), do not provide independent causes of action.

*4 Plaintiff's claims brought pursuant to 28 U.S.C. §§ 455, 1332, 1343, 1361, and 1491 fare no better. Each of these statutes govern procedure in the federal district courts and none of them provide a separate claim for relief. Section 455 of Title 28 of the United States Code governs the disqualification of a federal justice, judge, or magistrate judge "in any proceeding in which his impartiality might reasonably be question." 28 U.S.C. § 455(a). Section 1332 of Title 28 of the United States Code governs the jurisdiction of the federal district courts and requires that the parties be of diverse citizenship and that the amount in controversy exceeds the sum or value of $75,000. See 28 U.S.C. § 1332(a)(1). Section 1343 of Title 28 of the United States Code provides that federal "district courts shall have original jurisdiction" over civil rights claims, including the right to vote. See 28 U.S.C. § 1343(a). Section 1361 of Title 28 of the United States Code provides that the federal "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of

the United States or any agency thereof to perform a duty owed to the plaintiff." Finally, Section 1491 of Title 28 of the United States Code, known as the Tucker Act, provides "a limited waiver of sovereign immunity and establish[es] federal jurisdiction over certain non-tort claims against the United States." Odonoghue v. U.S. Dep't of the Army, No. 12-CV-4959, 2012 WL 5505921, at *1 (E.D.N.Y. Nov. 13, 2012).

Because each of these statutes are procedural in nature, and do not provide a substantive cause of action or a right to relief, Plaintiff's damages claims arising from these statutes are implausible, warranting their DISMISSAL pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

C. Claims Brought Pursuant to Section 1983
Section 1983 provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501 (2012). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted); see also Rae v. County of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010)(same)(quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

1. Claims Against the SJ Court

To the extent that Plaintiff seeks to impose Section 1983 liability on the SJ Court, such claims are implausible. First, it is well-established that a Section 1983 action may only be maintained against a "person" who has deprived another of

rights under the "Constitution and Laws." See Dames v. de Blasio, No. 20-CV-0226, 2020 WL 3869724, at *2 (S.D.N.Y. July 8, 2020) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims)); Zuckerman v. Appellate Div., Second Dep't Supreme Court, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983).

Second, because the "the Southampton Village Justice Court is part of the New York State Unified Court System", see Davis v. County of Suffolk, No. 18-CV-0303, 2020 WL 7699919, at *12 (E.D.N.Y. Oct. 30, 2020), report and recommendation adopted, 2020 WL 7041082 (E.D.N.Y. Dec. 1, 2020) (citing Ceparano v. Southampton Justice Court, No. 09-CV-0423, 2010 WL 11527157, at *12 (E.D.N.Y. Mar. 22, 2010), report and recommendation adopted, 2010 WL 11527158 (E.D.N.Y. May 12, 2010), aff'd, 404 F. App'x 537 (2d Cir. 2011)), Plaintiff's claims against the SJ Court are barred by the Eleventh Amendment. It is well-established that "[s]tates and their agencies possess sovereign immunity, as memorialized in the Eleventh Amendment." Ojeda v. Mendez, No. 20-CV-3910, 2021 WL 66265, at *3 (E.D.N.Y. Jan. 7, 2021) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). "The Eleventh Amendment bars suits for damages against states and state agencies absent a state's consent or a valid abrogation of the state's sovereign immunity by an act of Congress." Ojeda, 2021 WL 66265, at *3 (citing Pennhurst, 465 U.S. at 99-100). Here, Plaintiff has not identified any waiver of sovereign immunity that would permit him to bring suit against the SJ Court, nor could he given that " 'New York State has not waived its sovereign immunity from Section 1983 claims, nor did Congress override that immunity by enacting Section 1983.' " Ojeda, 2021 WL 66265, at *3 (quoting Nolan v. Cuomo, No. 11-CV-5827, 2013 WL 168674, at *7 (E.D.N.Y. Jan. 16, 2013)) (internal citations omitted)). Accordingly, as they are barred by the Eleventh Amendment, Plaintiff's Section 1983 claims against the SJ Court are DISMISSED pursuant 28 U.S.C. § 1915(e)(2)(B).

2. Claims Against Justice Wilson

**\*5** Plaintiff also names Justice Wilson as a Defendant. Because Justice Wilson is a state actor sued in her official capacity, Plaintiff's Section 1983 claims for damages against her are likewise barred by the Eleventh Amendment. See supra at 13-14; see also London v. Nassau County Dist. Attorney's Office, No. 20-CV-3988, 2020 WL 7699644, at *7

(E.D.N.Y. Dec. 28, 2020) ("Eleventh Amendment immunity bars Plaintiff's claims for damages against the State of New York and the individual state Defendants in their official capacities).

Moreover, Justice Wilson is absolutely immune from suit.

> "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citation omitted).

Guarnieri v. Kelley, No. 19-CV-0318, 2019 WL 1486688, at *3 (N.D.N.Y. Apr. 4, 2019), report and recommendation adopted, 2019 WL 5596468 (N.D.N.Y. Oct. 30, 2019), appeal dismissed (Jan. 17, 2020).

In addition, the 1996 Congressional amendments to Section 1983 bar injunctive relief and provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." See Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996); see also Montero v. Travis, 171 F.3d 757 (2d Cir. 1999). Therefore, unless a judge has "acted either beyond the judge's judicial capacity, or in the complete absence of all jurisdiction", he or she will be immune from all forms of suit. Guarnieri, 2019 WL 1486688, at *3 (internal quotation marks and citation omitted).

Here, Plaintiff alleges only that Justice Wilson denied his request to have his court-appointed attorney, Powers, relieved from representing him during the preliminary proceedings in the underlying state court criminal case. (See SAC at 8-9.) Yet, there can be no dispute that deciding motions during a court proceeding is a purely judicial function. Further, Plaintiff has not alleged that Justice Wilson acted beyond the scope of her authority, nor could he, given that the SJ Court had jurisdiction over the underlying criminal case. See N.Y. Crim. Proc. Law §§ 10.30(1)-(2) (local criminal courts possess jurisdiction over all offenses other than felonies). Accordingly, Plaintiff's claims against Justice Wilson are barred by absolute judicial immunity compelling their DISMISSAL pursuant to 28 U.S.C. § 1915(e)(2)(B). See also Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

### 3. Claims Against the Police Department

**\*6** Plaintiff's claims against the Police Department are implausible because it is an administrative arm of the Town of Southampton and thus lacks the capacity to be sued as a separate entity. See, e.g., Ayers v. Suffolk County Dist. Attorney Office Inc., No. 20-CV-1192, 2020 WL 6363898, at *3 (E.D.N.Y. Oct. 28, 2020) (dismissing claims against the Southampton Town Police Department because, as "an arm of the Southampton Town government", it "cannot sue or be sued") (citing Southampton Town Code §§ 19-1, 19-3; Arum v. Miller, 331 F. Supp. 2d 99, 107 (E.D.N.Y. 2004) ("[U]nder New York law, a town police department is not a suable entity." (citation omitted)); Kiernan v. Town of Southampton, No. 14-CV-1831, 2015 WL 1258309, at *10 (E.D.N.Y. Mar. 17, 2015)).

### 4. Purported Claims Against the Town of Southampton

Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, the Town of Southampton, and finds that he has not for the reasons that follow.

It is well-established that a municipality such as Southampton cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978); Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 98 (2d Cir. 2020) ("Monell expressly prohibits respondeat superior liability for municipalities.")(citing Monell, 436 U.S. at 691; Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (additional citation omitted)); Ayers, 2020 WL 6363898, *3. To prevail on a Section 1983 claim against a municipality, a plaintiff must show that "action pursuant to official municipal policy" caused the alleged constitutional injury." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (internal citation omitted); City of St. Louis v. Praprotnik, 485 U.S. 112, 122, 108 S. Ct. 915 (1988) (plurality

opinion) ("[G]overnments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights.").

"The elements of a Monell claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." Agosto, 982 F.3d at 97. To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 563 U.S. at 60-61; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 563 U. S. at 61; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (holding a municipal custom may be found "when 'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions' ") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

**\*7** Here, even affording the SAC a liberal construction, Plaintiff has not alleged that the challenged conduct was taken pursuant to a municipal policy or custom. (See SAC, generally.) Nor are there any factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against the Town of Southampton.

### 5. Claims Against Powers

Plaintiff also seeks to impose Section 1983 liability on his court-appointed defense attorney, Powers, in the underlying state court criminal case. However, court-appointed "attorneys are generally not 'state actors' for purposes of § 1983." O'Donoghue v. U.S. Soc. Sec. Admin.,

828 F. App'x 784, 787 (2d Cir. 2020) (citing Rodriguez v. Weprin, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983.")); see also Pappas v. Lorintz, No. 19-3103, —— F. App'x ——, 2020 WL 6066083, at *3 (2d Cir. Oct. 15, 2020) (affirming dismissal of constitutional claims against a private lawyer because lawyer was not a state actor, not acting under color of state law, and not subject to a § 1983 claim) (citing McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014)). Accordingly, because Powers is not a state actor, Plaintiff's Section 1983 claims against her are not plausible, compelling their DISMISSAL pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### 6. Claims Against Officer Lawston and the John/Jane Does

Plaintiff complains that Officer Lawston, Jane Doe, and John Doe 2 denied his requests to use the restroom while Plaintiff was awaiting his arraignment at the SJ Court. (See SAC at 6-8.) After repeated requests, Officer Lawston allegedly said Plaintiff could use the restroom and, as Plaintiff proceeded to do so, he was "pulled by Lawston" and not permitted to use the restroom. (Id. at 7.) Instead, Plaintiff was accused of trying to escape. (See id. at 7-8.) Plaintiff protested by jumping on top of the seating arrangement and refusing to come down until he was permitted to use the restroom. (See id.) He eventually "gave up the protest but would not sit." (Id.) Jane Doe is alleged to have pointed a taser at Plaintiff, threatening to use it on him. (See id. at 8.) Plaintiff also describes that a John Doe Defendant and Officer Lawston used "unnecessary roughness" by twisting his arm and digging a knee into his back. (See id.) Although Plaintiff alleges that he was in "pain", he does not claim any injuries other than "mental damages" and "depression". (Id. at 8, 11.)

"Courts in this district have consistently found that the temporary deprivation of the right to use the toilet, absent serious physical harm or serious risk of contamination, does not rise to the level of an objective constitutional violation." Cooper v. Marrero, No. 11-CV-9260, 2013 WL 2529723, at *4 (S.D.N.Y. June 11, 2013) (collecting cases: Walker v. Dep't of Corr. Serv., No. 11-CV-0993, 2012 WL 527210, at *2 (S.D.N.Y. Feb. 14, 2012) (no constitutional violation where prisoner was denied right to use bathroom for 80 minutes); Jones v. Marshall, No. 08-CV-0562, 2010 WL 234990, at *3 (S.D.N.Y. Jan. 19, 2010) (same, 90 minutes);

Whitted v. Lazerson, No. 96-CV-2746, 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (no constitutional violation where prisoner had to wait 90 minutes to use bathroom and urinated and defecated in his pants); Odom v. Keane, No. 95-CV-9941, 1997 WL 576088, at *4–5 (S.D.N.Y. Sept. 17, 1997) (Sotomayor, J.) (no constitutional violation where plaintiff was deprived of a working toilet for 10 hours, nor where he could not flush his toilet between 9 p.m. and 7 a.m. for a period of several months)). Here, Plaintiff's sparse allegations do not allege a constitutional deprivation regarding his delayed access to the restroom. Indeed, although Plaintiff alleges that his initial requests for restroom access were denied, he expressly alleged that "he did not pee on himself" and does not allege anything more than de minimis discomfort. (SAC at 8 and generally.) Accordingly, Plaintiff has not alleged a plausible Section 1983 claim arising from the alleged delay in restroom access. Such claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**\*8** Conversely and though sparsely pled, at this early stage and affording Plaintiff's pro se pleading a liberal interpretation, the Court declines to sua sponte dismiss Plaintiff's remaining excessive force claims against Officer Lawston and John Doe 1 and John Doe 2.[4] Accordingly, the Court will order service of the Summonses and the SAC upon Officer Lawston, John Doe 1 and John Doe 2. Without more information, however, the USMS will not be able to effect service of the Summonses and the SAC on the John Doe Defendants. Since the Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants, see Valentin v. Dinkins, 121 F.3d 72, 75–76 (2d Cir. 1997), the Clerk of the Court will be directed to serve a copy of the SAC, together with this Order, upon the Town Attorney for the Town of Southampton. Upon said service, the Town Attorney will be directed to attempt to ascertain the full names of the unidentified John Doe Defendants identified in the SAC as allegedly having interacted with Plaintiff at the SJ Court in February 2014. Thereafter, and within thirty (30) days of the date that this Order is served upon him or her, the Town Attorney will be ordered to provide the Court and Plaintiff with the names and address(es) where the John Doe Defendants can be served.

[4]    It is unclear from Plaintiff's submission whether the challenged conduct is attributable to John Doe 1, John Doe 2, or both. Given Plaintiff's allegations that he was placed face down on the floor while

his arm was twisted and a knee was pressed into his back, in an abundance of caution and affording the pro se pleading a liberal construction, the Court declines to sua sponte dismiss Plaintiff's claims against John Doe 1 and John Doe 2.

Once the information regarding the John Doe Defendants is provided to the Court by the Town Attorney, Plaintiff's SAC shall be deemed amended to reflect the full names of these Defendants, a Summons shall be issued as to each Defendant, and the USMS are to serve each of them. The Town Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve these Defendants as instructed by the Second Circuit in Valentin.

## CONCLUSION

Accordingly and for the reasons articulated herein, **IT IS HEREBY ORDERED** that Plaintiff's:

1. Claims against the SJ Court, Justice Wilson, the Police Department, Powers, and Jane Doe are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. Excessive force claims against Officer Lawston, John Doe 1, and John Doe 2 based upon the denial of access to the restroom are DISMISSED; and,

3. Remaining excessive force claims against Officer Lawston, John Doe 1, and John Doe 2 shall proceed;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall:

4. Issue Summonses and forward such Summonses and the SAC, together with this Memorandum and Order, to the USMS for service;

5. Serve a copy of the SAC, together with this Memorandum and Order, upon the Town Attorney for the Town of Southampton; and

6. Mail a copy of this Memorandum and Order to the pro se Plaintiff at his address of record; and

**IT IS FURTHER ORDERED** that the Town Attorney:

7. shall attempt to ascertain the full names of the unidentified Defendants who are identified in the SAC as John Doe 1 and John Doe 2 and who are alleged to

have interacted with Plaintiff at the SJ Court in February 2014 as is described in the SAC; and

8. within thirty (30) days of the date that this Memorandum and Order is served upon him or her, shall provide the Court and Plaintiff with the names and address(es) where the John Doe Defendants can be served.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

**All Citations**

Slip Copy, 2021 WL 260102

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 1963159
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

UNITED STATES of America Relator
Nyanchiew Sabat Gachgatwech, [1]  Plaintiff,
v.
Loran M. BOMMER, et al., Defendants.
United States of America Relator
Nyanchiew Sabat Gachgatwech, Plaintiff,
v.
Family Court Division of Erie County, et al., Defendants.

[1]    Plaintiff purports to bring both actions as a relator
on behalf of the United States. However, Plaintiff
does not provide, nor could the Court locate,
any basis for Plaintiff's authority to bring suit in
such a capacity. Accordingly, the Court construes
Plaintiff's claims as being brought on behalf of
herself, in her individual capacity.

1:19-CV-00823 EAW, 1:19-cv-01016 EAW
|
Filed April 21, 2020

**Synopsis**
**Background:** Pro se plaintiff brought two actions,
purportedly alleging civil rights violations, one challenging
her eviction, and the other challenging removal of her son
from her custody and seeking return of two vehicles that had
been towed. Plaintiff moved to proceed in forma pauperis in
both actions.

**Holdings:** The District Court, Elizabeth A. Wolford, J., held
that:

[1] district court would grant plaintiff's motions for in forma
pauperis status;

[2] to the extent plaintiff's claims were premised on her rights
as a "sovereign citizen," those claims were frivolous and
failed to state a claim;

[3] district court did not have subject-matter jurisdiction over
pro se plaintiff's landlord-tenant and child custody disputes;

[4] plaintiff failed to allege any facts that would support an
inference that the towing of her vehicles violated her federal
rights;

[5] allegations that one judge wrongfully removed her son
from her custody and that another judge ordered that plaintiff
undergo a mental health evaluation, failed to allege that
judges or support magistrate acted in clear absence of all
jurisdiction, as required to overcome their judicial immunity;
and

[6] plaintiff failed to plausibly allege any constitutional
deprivation caused by or occurring pursuant to an official
custom or policy of county, as required to hold county liable
under § 1983.

Motions granted.

**Procedural Posture(s):** Motion to Proceed In Forma
Pauperis.

West Headnotes (31)

**[1]**    **Costs, Fees, and Sanctions** 🔑 Persons
Entitled to Proceed in Forma Pauperis

District court would grant pro se plaintiff's
motions for in forma pauperis status, with respect
to her two actions, purportedly alleging civil
rights violations, one challenging her eviction,
and the other challenging removal of her son
from her custody and seeking return of two
vehicles that had been towed; plaintiff submitted
affirmations of poverty in support of her motions,
and met the statutory requirements for in forma
pauperis status. 28 U.S.C.A. § 1915(a)(1).

**[2]**    **Costs, Fees, and Sanctions** 🔑 Application to
Proceed in Forma Pauperis

The court is required to conduct an initial
screening of complaints filed by civil litigants
proceeding in forma pauperis, to ensure that
the case goes forward only if it meets certain
requirements. 28 U.S.C.A. § 1915.

**[3]**   **Costs, Fees, and Sanctions** 🔑 Material Considered; Evidence

In evaluating a complaint filed by a civil litigant proceeding in forma pauperis, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. 28 U.S.C.A. § 1915.

**[4]**   **Costs, Fees, and Sanctions** 🔑 Frivolous or Malicious Litigation

Upon conducting initial screening of a complaint filed by a civil litigant proceeding in forma pauperis, a court must dismiss the case if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B).

**[5]**   **Costs, Fees, and Sanctions** 🔑 Frivolous or Malicious Litigation

To the extent pro se plaintiff's civil rights claims, challenging her eviction and the removal of her son from her custody and seeking return of two vehicles that had been towed, were premised on her rights as a "sovereign citizen," those claims were frivolous and failed to state a claim, thus warranting dismissal under in forma pauperis statute. 28 U.S.C.A. § 1915(e)(2)(B).

1 Cases that cite this headnote

**[6]**   **Federal Courts** 🔑 State or federal matters in general

**Federal Courts** 🔑 Domestic relations; families and children

District court did not have subject-matter jurisdiction over pro se plaintiff's landlord-tenant and child custody disputes.

**[7]**   **Courts** 🔑 Particular Cases and Contexts

To the extent pro se plaintiff sought review of previous state judicial proceedings relating to her eviction and removal of her son from her custody, such review was barred by the *Rooker-Feldman* doctrine.

**[8]**   **Courts** 🔑 Federal-Court Review of State-Court Decisions; Rooker-Feldman Doctrine

The long-standing *Rooker-Feldman* doctrine provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts.

**[9]**   **Courts** 🔑 Federal-Court Review of State-Court Decisions; Rooker-Feldman Doctrine

Courts consistently apply the *Rooker-Feldman* doctrine when dismissing matters arising from summary process or eviction proceedings in a state court.

**[10]**   **Courts** 🔑 Particular Cases and Contexts

Courts routinely dismiss cases involving child custody orders on the basis that such actions are barred by the *Rooker-Feldman* doctrine.

**[11]**   **Automobiles** 🔑 Parking or standing

Pro se plaintiff failed to allege any facts that would support an inference that the towing of her vehicles violated her federal rights; plaintiff alleged that her two vehicles were towed by the city police, under the city court, but did not provide further details as to the circumstances in which her vehicles were towed.

**[12]**   **Social Security** 🔑 Execution, levy, attachment, garnishment, or other legal process

Pro se plaintiff's allegation that she was owed a refund on her social security account transaction, and request that the court stop all public servants conducting commercial transaction on her social security number, failed to provide a sufficient factual basis for such claim.

**[13]    Municipal Corporations** 🔑 Capacity to sue
or be sued in general

Pro se plaintiff could not assert a claim
against police department, as department was an
administrative arm of the city, and did not have
its own legal identity.

**[14]    Municipal Corporations** 🔑 Capacity to sue
or be sued in general

A police department is an administrative arm of
the municipal corporation and cannot sue or be
sued because it does not exist separate and apart
from the municipality and does not have its own
legal identity.

**[15]    Federal Courts** 🔑 Courts

To the extent pro se plaintiff sought to assert
claims against city court or county court, such
claims were barred by the New York State
Unified Court System's Eleventh Amendment
immunity; city court and county court were part
of the New York State Unified Court System.
U.S. Const. Amend. 11.

**[16]    Judges** 🔑 Liabilities for official acts

**Justices of the Peace** 🔑 Judicial acts

Judges and support magistrates are absolutely
immune from suit for any actions taken within
the scope of their judicial responsibilities.

1 Cases that cite this headnote

**[17]    Judges** 🔑 Liabilities for official acts

Allegations that the judge acted in bad faith
or with malice do not pierce the protection of
judicial immunity.

**[18]    Judges** 🔑 Liabilities for official acts

**Justices of the Peace** 🔑 Judicial acts

Pro se plaintiff's allegations that one judge
wrongfully removed her son from her custody
and that another judge ordered that plaintiff

undergo a mental health evaluation, failed to
allege that judges or support magistrate acted in
clear absence of all jurisdiction, as required to
overcome their judicial immunity.

1 Cases that cite this headnote

**[19]    Judges** 🔑 Liabilities for official acts

A judge will not be deprived of judicial immunity
because the action he took was in error, was done
maliciously, or was in excess of his authority;
rather, he will be subject to liability only when he
has acted in the clear absence of all jurisdiction.

1 Cases that cite this headnote

**[20]    Public Employment** 🔑 Judicial immunity

Judicial immunity applies to government
officials for their acts that assist a judge in the
performance of his or her judicial duties.

**[21]    Clerks of Courts** 🔑 Liabilities for negligence
or misconduct

In the State of New York, a county clerk's duties
include those of a state-court clerk, for purposes
of judicial immunity. N.Y. Const. art. 6, § 6; N.Y.
County Law § 525(1).

**[22]    Clerks of Courts** 🔑 Liabilities for negligence
or misconduct

To the extent pro se plaintiff's claims against
county clerk, alleging that county clerk's office
and district attorney's office ignored case which
was brought to their offices regarding violations
by an agency under their supervision, were based
on the clerk's performance of a function closely
associated with the judicial process, county clerk
was entitled to judicial immunity.

**[23]    Federal Courts** 🔑 Other particular entities
and individuals

Pro se plaintiff's complaint contained no
allegations concerning the New York State
Department of State, although it listed

Department as a defendant, and thus, district court could not discern whether plaintiff alleged claims that were not subject to immunity under the Eleventh Amendment. U.S. Const. Amend. 11.

**[24]** **Federal Courts** 🔑 Suits Against States; Eleventh Amendment and Sovereign Immunity

**Federal Courts** 🔑 Waiver by State; Consent

**Federal Courts** 🔑 By constitution or statute

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. U.S. Const. Amend. 11.

**[25]** **District and Prosecuting Attorneys** 🔑 Liabilities for official acts, negligence, or misconduct

A prosecutor is entitled to absolute immunity for performing prosecutorial activities that are intimately associated with the judicial phase of the criminal process.

**[26]** **District and Prosecuting Attorneys** 🔑 Liabilities for official acts, negligence, or misconduct

Generally only (a) the prosecutor's decisions with regard to whether or not to institute a prosecution and (b) his performance of his litigation-related duties are given the shield of absolute immunity; most other activities are characterized as administrative or investigative and, thus, merit less protection.

**[27]** **District and Prosecuting Attorneys** 🔑 Liabilities for official acts, negligence, or misconduct

District court was unable to discern the substance of pro se plaintiff's allegation that county clerk's office and county district attorney's office ignored case which was brought to their offices regarding violations by an agency

under their supervision, and thus, could not determine whether plaintiff's claim related to the district attorney's office's prosecutorial tasks, for which district attorney was entitled to absolute immunity, as opposed to investigative tasks.

**[28]** **Civil Rights** 🔑 Governmental Ordinance, Policy, Practice, or Custom

**Civil Rights** 🔑 Issues, proof, and variance

To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. 42 U.S.C.A. § 1983.

**[29]** **Civil Rights** 🔑 Governmental Ordinance, Policy, Practice, or Custom

Pro se plaintiff failed to plausibly allege any constitutional deprivation caused by or occurring pursuant to an official custom or policy of county, as required to hold county liable under § 1983. 42 U.S.C.A. § 1983.

**[30]** **Civil Rights** 🔑 Acts of officers and employees in general; vicarious liability and respondeat superior in general

Municipalities are not subject to § 1983 liability solely on the basis of respondeat superior. 42 U.S.C.A. § 1983.

**[31]** **Federal Civil Procedure** 🔑 Effect of amendment

An amended complaint is intended to completely replace the prior complaint in the action, and thus it renders the original complaint of no legal effect.

**Attorneys and Law Firms**

United States of America Relator Nyanchiew Sabat Gachgatwech, Buffalo, NY, pro se.

## INTRODUCTION

ELIZABETH A. WOLFORD, United States District Judge

**\*1**  *Pro se* plaintiff Nyanchiew Sabat Gachgatwech ("Plaintiff") filed two actions, purportedly alleging civil rights violations—*United States of America Relator Nyanchiew Sabat Gachgatwech v. Bommer, et al.*, No. 1:19-cv-00823-EAW (the "Bommer Action") and *United States of America Relator Nyanchiew Sabat Gachgatwech v. Family Court Division of Erie County, et al.*, No. 1:19-cv-01016 EAW (the "Family Court Action"). (Dkt. B-1; Dkt. F-1). [2] Plaintiff has also filed motions to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and affirmations of poverty in support thereof. (Dkt. B-2; Dkt. F-2). Because the Complaints in each of these actions suffer from similar defects, the Court has considered them together.

[2]   References to numbered docket entries prefaced with "B" refer to documents filed in the Bommer Action, and references to numbered docket entries prefaced with an "F" refer to documents filed in the Family Court Action.

The Court has reviewed Plaintiff's motions for *in forma pauperis* status and they are granted. The Court has also reviewed Plaintiff's Complaints (Dkt. B-1; Dkt. F-1) as required by 28 U.S.C. § 1915(e)(2) and finds that Plaintiff's claims must be dismissed. However, Plaintiff will be granted an opportunity to remedy certain of the defects as discussed below.

## BACKGROUND

The following facts are taken from Plaintiff's Complaints. (Dkt. B-1; Dkt. F-1). Although Plaintiff's allegations are disjointed and difficult to discern, as is required at this stage of the proceedings, the Court treats Plaintiff's factual claims as true.

## I. Bommer Action

In the Bommer Action, Plaintiff asserts claims against defendants Loran M. Bommer ("Bommer"), Sabrie Mouss ("Mouss"), and the Buffalo City Court (collectively, the "Bommer Defendants"). (Dkt. B-1). Plaintiff rented a property for two and a half years from Mouss. (*Id.* at 4).

Plaintiff requested Mouss make repairs to damaged items in the property. (*Id.*). However, Mouss never made the repairs. (*Id.*). Plaintiff alleges that Bommer and Mouss "conspire[d] against [Plaintiff's] business name[, and] refused to provide [her with a] landlord statement." (*Id.*). Sometime thereafter, Mouss, through his or her counsel Bommer, instituted eviction proceedings against Plaintiff. (*See id.*). On June 19, 2019, a warrant was issued to evict Plaintiff from the property. (*Id.* at 7).

Plaintiff alleges that she was not properly served as her office was closed when Bommer "served the unsigned [petition] by [the] [j]udge." (*Id.*). Plaintiff alleges that the Buffalo City Court "document" ordering her eviction was an illegal order because it did not list the name or signature of the issuing judge. (*Id.* at 4). Plaintiff further alleges that "[her] office did not get a chance to be present in a court of law." (*Id.*). The gravamen of Plaintiff's Complaint appears to be that she was wrongfully evicted from the property without appropriate process of law. (*Id.* at 5 ("All I need is for the court to see the facts. The service was illegal. No proper [service]. These parties [were] agents of United States. All thing is legal, if not legal is illegal. We must not be lawless people.")).

## II. Family Court Action

**\*2**  In the Family Court Action, Plaintiff asserts claims against defendants Family Court Division of Erie County ("Erie County Family Court"), Erie County, Buffalo City Court, New York State Department of State, Erie County Family Court Judge Mary G. Carney, Erie County Family Court Support Magistrate John J. Aman, Erie County Clerk Michael P. Kearns, Erie County District Attorney John J. Flynn, and Buffalo City Court Judges Betty Calvo-Torres and Debra Givens (collectively, the "Family Court Defendants"). (Dkt. B-1 at 2-3).

Plaintiff alleges that Judge Carney removed Plaintiff's son from her custody "without [a] lawful claim." (*Id.* at 5). Plaintiff also alleges that the Erie County Clerk's Office and the Erie County District Attorney's Office "ignored the case." (*Id.*). Plaintiff further alleges that her two vehicles were towed by "the Buffalo City Police, under Buffalo City Court," and that the Buffalo City Police and the New York State Police issued false arrest warrants. (*Id.*). Plaintiff further alleges that despite no "ev[i]dence of measurable disease," Judge Givens ordered Plaintiff undergo a mental health evaluation by an unlicensed doctor at the Erie County Mental Health Clinic. (*Id.*).

Based on these allegations, Plaintiff asks the Court to return her son and vehicles. (*Id.* at 6). Plaintiff also requests that the Court order the removal of the restriction on Plaintiff's "social security number account credits to discharges public and private debt," and that the Court stop "public servants conducting commercial transactions on [Plaintiff's] social security number." (*Id.*).

## DISCUSSION

### I. **Plaintiff's Motions for *In Forma Pauperis* Status are Granted**

[1] Plaintiff's motions for *in forma pauperis* status and affirmations of poverty in support thereof have been reviewed in accordance with 28 U.S.C. § 1915(a)(1). Plaintiff has met the statutory requirements for *in forma pauperis* status and permission to proceed *in forma pauperis* is granted. The Court now turns to its obligation to screen Plaintiff's Complaints pursuant to 28 U.S.C. § 1915.

### II. **Legal Standard**

[2] [3] [4] "Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, No. 6:17-CV-06121(MAT), 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g., Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

### III. **Plaintiff's Claims Based upon "Sovereign Citizenship"**

[5] Plaintiff's submissions and the allegations contained therein are characteristic of claims by "sovereign citizens." For example, Plaintiff refers to her name as a "trademark name," repeatedly refers to other individuals as "corporations," and claims to be "the sovereign power and

tribunal of record" for her own "sovereign nation state." (*See, e.g.*, Dkt. F-1 at 7-9, 18).

The Second Circuit has described "sovereign citizens" as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013). "The 'sovereign citizen' belief system has been described by other courts as 'completely without merit,' 'patently frivolous,' *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), and having 'no conceivable validity in American law,' *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)." *Wellington v. Foland*, No. 3:19-CV-0615 (GTS/ML), 2019 WL 3315181, at *10 (N.D.N.Y. July 24, 2019). Accordingly, to the extent that Plaintiff's claims are premised on her rights as a "sovereign citizen," those claims are dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. **Plaintiff's Claims Based on Her Eviction and Child Custody Proceedings**

**\*3** [6] Liberally construing Plaintiff's Complaints, it appears that Plaintiff requests the Court to review the validity of her eviction and child custody proceedings. However, the Court does not have subject-matter jurisdiction over landlord-tenant and child custody disputes. *See Rosquist v. St Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases holding federal courts do not have jurisdiction over residential landlord-tenant matters); *Torres v. Family Court/Administration for Children's Servs.*, No. 01 CIV. 4351(RWS), 2001 WL 1111510, at *1-2 (S.D.N.Y. Sept. 20, 2001) ("Torres' claims against [the Administration for Children's Services] and the Family Court fall within the ambit of cases excluded by *Ankenbradt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), because the gravamen of her claim involves child custody—an area at the core of the domestic relations exception.").

[7] [8] Further, to the extent that Plaintiff seeks review of previous state judicial proceedings, such review is barred by the *Rooker*-*Feldman* doctrine. The long-standing *Rooker*-*Feldman* doctrine "provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." *Morrison v. City of N.Y.*, 591 F.3d 109, 112 (2d Cir. 2010) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-83, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), *Rooker v.*

*Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)).

 **[9]** **[10]** "[C]ourts consistently apply the *Rooker-Feldman* doctrine when dismissing matters arising from summary process or eviction proceedings in a state court." *Ratcliffe v. Liberty Home Equity*, No. 3:19-CV-01842 (KAD), 2019 WL 6135446, at *2 (D. Conn. Nov. 19, 2019) (collecting cases). Courts also routinely dismiss cases involving child custody orders on the basis that such actions are barred by the *Rooker-Feldman* doctrine. *See Hagy v. New York State Supreme Court Justice Joan B. Lobis*, No. 09 Civ. 0879(SCR) (PED), 2010 WL 1789920, at *3 (S.D.N.Y. Jan. 4, 2010) (collecting cases). The Court sees no reason to depart from this precedent here.

Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims arising out of her eviction and child custody proceedings and, thus, dismisses such claims without prejudice. *See Charles v. Levitt*, 716 F. App'x 18, 22 (2d Cir. 2017) ("[T]he *Rooker-Feldman* doctrine implicates federal courts' subject matter jurisdiction, rather than the substantive merits of a case. And where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." (citation and quotation omitted)). Moreover, because a more fulsome pleading could not cure this defect, the Court does not grant leave to amend these claims.

## V. Plaintiff's Remaining Claims

 **[11]** **[12]** Plaintiff also complains that her two vehicles were towed by "Buffalo City Police, under Buffalo City Court." (Dkt. F-1 at 5). However, Plaintiff does not provide further details as to the circumstances in which her vehicles were towed, and so no fact-finder could conclude that the towing was a violation of Plaintiff's federal rights. Plaintiff also alleges that she is owed a "refund" on her "social security account transaction – counterfeit security" (*id.* at 4), and requests the Court to stop "all public servants conducting commercial transaction on [Plaintiff's] social security number" (*id.* at 5). Based on these sparse and disjointed allegations, the Court is unable to discern the factual basis of Plaintiff's remaining claims. Accordingly, Plaintiff's claims must be dismissed for failure to state a claim.

Plaintiff's claims are further subject to dismissal as she either does not allege the personal involvement of individual Defendants or seeks to assert claims against Defendants that either cannot be sued or are immune from suit. However, as

outlined below, Plaintiff is granted leave to amend claims against certain Defendants.

### A. Buffalo City Police

 **\*4** **[13]** **[14]** Plaintiff lists the Buffalo City Police as a defendant. However, "[a] police department is an administrative arm of the municipal corporation" and "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999); *see also Boans v. Town of Cheektowaga*, 5 F. Supp. 3d 364, 373 (W.D.N.Y. 2014) ("Because a police department is an administrative arm of the municipal corporation, a police department does not exist separate and apart from the municipality and does not have its own legal identity and, thus, cannot sue or be sued."); *Rose v. Cty. of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) ("Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."). Accordingly, to the extent that Plaintiff seeks to assert a claim against the Buffalo City Police, such claim is dismissed with prejudice.

### B. Buffalo City Court and Erie County Family Court

 **[15]** Plaintiff also lists the Buffalo City Court as a defendant. However, "[t]he Buffalo City Court is ... a part of the New York State Unified Court System." *Lockridge v. Buffalo City Court*, No. 18-CV-834, 2019 WL 1557828, at *2 (W.D.N.Y. Apr. 10, 2019) (citing *Brown v. Paterson*, No. 10 Civ. 5833(PAC)(HBP), 2011 WL 7429454, at *10 (S.D.N.Y. Dec. 27, 2011)). The New York State Unified Court System "is protected by Eleventh Amendment sovereign immunity" and, thus, is "immune from suit." *Gollomp v. Spitzer*, 568 F.3d 355, 367 (2d Cir. 2009). Consequently, to the extent that Plaintiff seeks to assert a claim against the Buffalo City Court, a part of the New York State Unified Court System, such claim is dismissed with prejudice.

For the same reason, Plaintiff's claim against the Erie County Family Court must also be dismissed. *See Dyer v. Family Court*, No. 16-cv-6876 (BMC)(RLM), 2016 WL 7494864, at *2 (E.D.N.Y. Dec. 28, 2016) ("[A]ny claims against the Family Court, a court that is part of the New York State Unified Court System, must be dismissed because it is entitled to sovereign immunity as guaranteed by the Eleventh Amendment."); *Amaker v. State of N.Y. Cty. of New York Family Court*, No. 11-cv-4815 (KAM), 2011 WL 4916702, at

*2 (E.D.N.Y. Oct. 17, 2011) ("The New York State Unified Court System, of which the family court is a part, is entitled to Eleventh Amendment sovereign immunity.").

### C. Judges Mary G. Carney, Betty Calvo-Torres, and Debra Givens, and Support Magistrate John J. Aman

[16]  [17]  Plaintiff also lists Support Magistrate John J. Aman, Erie County Family Court Judge Mary G. Carney, and Buffalo City Court Judges Betty Calvo-Torres and Debra Givens as defendants. However, judges and support magistrates are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *see also Parent v. New York*, 786 F. Supp. 2d 516, 533-34 (S.D.N.Y. 2011) (dismissing claims against both a judge and support magistrate on the basis of judicial immunity). Allegations that the judge acted in bad faith or with malice (which are not present here) do not pierce the protection of immunity. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to § 1983. *See Pierson*, 386 U.S. at 547, 87 S.Ct. 1213.

[18]  [19]  The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.* at 356-57, 98 S.Ct. 1099 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1871)); *see also Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction). The Complaint alleges that Judge Carney wrongfully removed Plaintiff's son from her custody, and that Judge Givens ordered Plaintiff undergo a mental health evaluation. (Dkt. F-1 at 5). The Complaint contains no allegations concerning Judges Calvo-Torres and Support Magistrate Aman. Plaintiff makes no allegations that any of these Defendants acted in clear absence of all jurisdiction, and so her claims against them are subject to dismissal. However, to the extent that Plaintiff can plausibly allege, if true, that these Defendants acted in clear absence of all jurisdiction, Plaintiff will be permitted to replead her claims against these Defendants.

### D. Erie County Clerk Michael P. Kearns

*5 [20]  [21]  Plaintiff lists Erie County Clerk Michael P. Kearns as a defendant. "[Judicial immunity] also applies to government officials for their acts that assist a judge in the performance of his or her judicial duties." *Hudson v. Forman, No. 19-CV-1830 (CS), 2019 WL 1517581, at *3 (S.D.N.Y. Apr. 8, 2019)* (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)). "In the State of New York, a County Clerk's duties include those of a state-court clerk." *Id.* (citing N.Y. Cons. Art. VI, § 6(e), N.Y. County Law § 525(1)); *see also Diaz v. Pataki*, 368 F. Supp. 2d 265, 271 (S.D.N.Y. 2005) (holding that pursuant to state law, the Bronx County Clerk's "primary function is to serve as a clerk of the Supreme Court of Bronx County, a state court" (internal quotation marks and citation omitted)).

[22]  Here, the Complaint only alleges the following regarding the Erie County Clerk's office: "Erie County Clerk office and Erie County District Attorney Office. These two offices ignored the case which was brought to their offices regarding violation done by one of the agency under their supervisor administration on or about 2011 until current time." (Dkt. F-1 at 5). If the complained of action was a result of the County Clerk's performance of a function closely associated with the judicial process, the County Clerk would be entitled to judicial immunity. *See Hudson v. Forman*, No. 19-CV-9637 (CM), 2019 WL 6312004, at *3-4 (S.D.N.Y. Nov. 25, 2019) (finding the county clerk defendant entitled to absolute judicial immunity "for following court procedure regarding certification of the record for appeal"); *Hudson*, 2019 WL 1517581, at *3 (finding the county clerk defendant entitled to judicial immunity for refusing to issue the plaintiff a summons and to certify the plaintiff's record on appeal).

However, to the extent that Plaintiff can plausibly allege, if true, a cognizable claim against the County Clerk—not arising out of his performance of a function closely associated with the judicial process—Plaintiff will be permitted to replead her claim against this Defendant.

### E. New York State Department of State

[23]  [24]  Plaintiff lists the New York State Department of State as a defendant. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900,

79 L.Ed.2d 67 (1984); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Here, Plaintiff's Complaint contains no allegations concerning the New York State Department of State. As such, the Court cannot discern whether Plaintiff alleges claims that are not subject to immunity under the Eleventh Amendment. Accordingly, Plaintiff's claim against the New York State Department of State is dismissed without prejudice. However, Plaintiff will be permitted to amend her complaint to set forth the necessary allegations therein.

**F. District Attorney John J. Flynn**

[25]  [26] Plaintiff also lists District Attorney Flynn as a Defendant. However, a prosecutor is entitled to absolute immunity for performing prosecutorial activities that are "intimately associated with the judicial phase of the criminal process." *Hill v. City of N.Y.*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). "[G]enerally only (a) the prosecutor's decisions with regard to whether or not to institute a prosecution and (b) his performance of his litigation-related duties are given the shield of absolute immunity. Most other activities are characterized as administrative or investigative and, thus, merit less protection." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 530 (2d Cir. 1993) (citations and quotation marks omitted).

**\*6** In *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), the United States Supreme Court reaffirmed the following:

> acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.

*Id.* at 273, 113 S.Ct. 2606. The *Buckley* Court distinguished between "the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand" and explained that a prosecutor is absolutely immune while performing the former function but not if performing the latter function. *Id.*

[27] Here, the Complaint only alleges the following regarding the District Attorney's office: "Erie County Clerk office and Erie County District Attorney Office. These two offices ignored the case which was brought to their offices regarding violation done by one of the agency under their supervisor administration on or about 2011 until current time." (Dkt. F-1 at 5). The Court is unable to discern the substance of Plaintiff's allegations and, thus, cannot determine whether Plaintiff's claim relates to the District Attorney's office's prosecutorial tasks as opposed to investigative tasks. However, Plaintiff will be permitted to amend her complaint to set forth the necessary allegations therein.

**G. Erie County**

[28] Plaintiff lists Erie County as a defendant. To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see also Gottlieb v. Cty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.").

[29]  [30] Here, Plaintiff sets forth no allegations against Erie County, appearing to rely solely on the doctrine of *respondeat superior*. However, municipalities are not subject to § 1983 liability solely on the basis of *respondeat superior*. *Collins v. City of Harker Heights*, 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff has not plausibly alleged a constitutional deprivation was caused by or occurred pursuant to an official custom or policy of Erie County, but will be permitted to

amend her complaint to set forth the necessary allegations therein.

## VI. <u>Leave to Amend</u>

**\*7**  To the extent Plaintiff may have plausible claims in connection with the towing of her vehicle or "social security account transaction – counterfeit security," Plaintiff is granted leave to file an amended complaint in the Family Court Action (No. 1:19-cv-01016 EAW) **by May 22, 2020**. Plaintiff is not required to file an amended complaint—but if she fails to do so, her remaining claims will be dismissed without prejudice. Plaintiff is further advised that should she file an amended complaint, she must include specific allegations as to each Defendant's personal involvement in connection with her claims. The Court will enclose with this Order instructions for filing an amended complaint, and the civil complaint form to be used in a non-prisoner context.

 **[31]**  Plaintiff is also advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [the original complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, Plaintiff's amended complaint must include all of the allegations against Defendants, such that the amended complaint may stand alone as the sole complaint in the action.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions to proceed *in forma pauperis* are granted. The Court dismisses Plaintiff's claims in connection to her eviction and child custody proceedings without prejudice for lack of subject matter jurisdiction. Consequently, the Bommer Action (No. 1:19-CV-00823 EAW) is dismissed in its entirety and the Clerk of Court is directed to close the case.

In addition, with respect to the remaining claims in the Family Court Action (No. 1:19-CV-01016 EAW), Plaintiff's claims based upon "sovereign citizenship," and her claims against the Buffalo City Police, Buffalo City Court, and Erie County Family Court are dismissed with prejudice. Plaintiff is granted leave to file an amended complaint, as directed above, **by May 22, 2020**, in which she must include the necessary allegations regarding her claims. If Plaintiff fails to file an amended complaint by this date, her remaining claims will be dismissed with prejudice and the Clerk of Court is directed to close the case without further order of the Court.

SO ORDERED.

## All Citations

--- F.Supp.3d ----, 2020 WL 1963159

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:21-cv-01277-TJM-TWD    Document 12    Filed 04/22/22    Page 35 of 37
Animashaun v. Schmidt, Not Reported in Fed. Supp. (2017)
2017 WL 4863083

2017 WL 4863083
Only the Westlaw citation is currently available.
**Not for Publication**
United States District Court, E.D. New York.

Damilola ANIMASHAUN, Plaintiff,

v.

Detective William SCHMIDT; Detective Alex
Arty; Detective Perez; Detective Viggiano;
New York Police Department 73rd Precinct;
Detective Jeffery Haffenden and New York Police
Department's Brooklyn North Warrants, Defendants.

17-CV-3026(KAM)
|
Signed 10/25/2017
|
Filed 10/26/2017

**Attorneys and Law Firms**

Damilola Animashaun, Pine City, NY, pro se.

**MEMORANDUM & ORDER**

Kiyo A. Matsumoto, United States District Judge

**\*1** Plaintiff Damilola Animashaun ("plaintiff" or
"Animashaun"), who is currently incarcerated at Southport
Correctional Facility (see ECF No. 10, 7/13/2017 Letter
notifying court of change in address), filed this pro se action
pursuant to 42 U.S.C. § 1983 ("Section 1983"), seeking
damages in the amount of nine hundred million dollars for
alleged violations of his constitutional rights arising from
his March 28, 2011 arrest in Brooklyn, New York, and
his subsequent prosecution in the Supreme Court of New
York in Kings County. (See ECF No. 1, Complaint dated
4/11/2017 at 15, 18-20.) The court presumes familiarity with
the factual and procedural background of plaintiff's claims,
which is described in this court's June 12, 2017 Memorandum
and Order, and sets forth only those facts relevant to the
instant order. (ECF No. 8, 6/12/2017 Memorandum & Order
dismissing plaintiff's claims without prejudice and with leave
to file an amended complaint, ("M&O").)

By letter dated June 5, 2017, plaintiff requested that this
action be placed "on hold or dismiss[ed] without prejudice"
while he prepared an amended complaint. (See ECF No.

7, Motion to Stay or Dismiss Complaint and Motion to
Amend Complaint, dated 6/5/2017 ("6/5/17 Letter").) The
court dismissed plaintiff's complaint without prejudice, by
Order dated June 12, 2017, for failure to state a claim
on which relief may be granted, and on the grounds that
plaintiff's claims were time barred. (See generally, M&O.)
The court, however, granted plaintiff's request for leave to file
an amended complaint, in light of his pro se status and his
stated intention to "chang[e] the entire complaint." (6/5/17
Letter; see also M&O at 13.) In addition, the court cautioned
plaintiff that he may not allege time barred claims in his
amended complaint. (M&O at 13.)

Plaintiff timely filed an amended complaint on June 26,
2017, and subsequently filed two letters in which he appears
to supplement the information asserted in his amended
complaint, through attached documents and further argument.
(See ECF No. 9, Amended Complaint ("Am. Compl."); ECF
No. 11, 9/18/2017 Letter forwarding attachments ("9/18/17
Attachments"); ECF No. 12, 9/18/2017 Letter in regards to
Amended Complaint ("9/18/17 Letter").) For the reasons set
forth below, plaintiff's amended complaint is dismissed with
prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**STANDARD OF REVIEW**

Upon review, a district court shall dismiss a prisoner's
complaint sua sponte if the complaint is "frivolous, malicious,
or fails to state a claim upon which relief may be granted; or [ ]
seeks monetary relief from a defendant who is immune from
such relief." 28 U.S.C. § 1915A; Liner v. Goord, 196 F.3d
132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison
Litigation Reform Act, sua sponte dismissal of frivolous
prisoner complaints is not only permitted but mandatory); see
also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

At the pleadings stage of the proceeding, the court must
assume the truth of "all well-pleaded, nonconclusory factual
allegations in the complaint." Kiobel v. Royal Dutch
Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing
Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)). A complaint
must plead sufficient facts to "state a claim to relief that
is plausible on its face." Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007). Further, a pleading must contain
more than an "unadorned, the-defendant-unlawfully-harmed-
me accusation," and a complaint that only "tenders naked
assertions devoid of further factual enhancement" will not

suffice. *Iqbal,* 556 U.S. at 678 (internal citations and alterations omitted).

  **\*2** *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read *pro se* complaints liberally and interpret a claim as raising the strongest arguments it suggests. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008). Even with a *pro se* plaintiff, however, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009)). Therefore, although the court is "obligated to draw the most favorable inferences" that the *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Id.*

## DISCUSSION

In his amended complaint and subsequent letters submitted in further support thereof, plaintiff essentially reasserts and seeks reconsideration of his original claims, while attaching additional documentation pertaining to his state court prosecution, including a letter from his attorney, an investigative report from the District Attorney, and a police report. (Am. Compl. at 7-18; 9/18/17 Attachments.) The court has thoroughly reviewed plaintiff's submissions to ascertain whether plaintiff provides any facts that would alter the court's findings in its June 12, 2017 Order, or that could otherwise state a claim on which relief may be granted, and finds that he does not.

First, the court notes, as it did in its prior order, that because plaintiff was convicted in his assault case, he must allege and prove that his state court conviction or sentence has been invalidated before he can seek and recover damages under Section 1983. *See Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated [...] is not cognizable under § 1983.") (citing *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994)). Here, plaintiff has not alleged that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (quoting *Heck,* 512 U.S. at 487). Further, although plaintiff clarifies his claim that the alleged absence of an arrest warrant

in his robbery case led to the introduction of evidence at his trial for his assault case (9/18/2017 Letter at 2-3), this clarification does not overcome the fact that he was convicted in state court and his conviction has not been invalidated, as set forth above. Indeed, the documents attached to the amended complaint indicate that plaintiff's state court appeal is pending, and plaintiff further states that he filed a motion under New York CPL § 440.10, in February 2017. (*Id.* at 3; Am. Compl. at 7-18.) Thus, because plaintiff's state court conviction has not been invalidated, plaintiff's amended complaint fails to state a claim under Section 1983.

In addition, although plaintiff asserts, as he did in his original complaint, that the statute of limitations should be equitably tolled, due to his lack of awareness that there was no warrant for his arrest in connection with the robbery case, the court finds that plaintiff has failed to demonstrate "rare and exceptional circumstances" warranting equitable tolling. *See Covington v. New York City Police Dep't,* 471 Fed.Appx. 28, 29 (2d Cir. 2012) (citing *Walker v. Jastremski,* 430 F.3d 560, 564 (2d Cir. 2005)). Like the February 2, 2017 letter from plaintiff's appellate counsel, which was attached to his original complaint, the additional letters and investigative reports attached to plaintiff's amended complaint do not demonstrate that a warrant in fact did not exist, nor do they demonstrate that plaintiff could not have uncovered his alleged injury during the limitations period through "reasonable diligence." *Id.*

  **\*3** Specifically, the letters from plaintiff's appellate counsel advise plaintiff that the existence of a warrant in connection with his dismissed robbery case may not be relevant to his claims regarding his assault case. (*See* Am. Compl. at 15 ("Please do not assume from this effort [of locating the warrant for plaintiff's robbery case] that I think the warrant is relevant to your sexual assault case."); *see also id.* at 17 (advising plaintiff that even if there was a warrant in the robbery case, this would not necessarily yield an issue on appeal due to the existence of probable cause to arrest plaintiff in the assault case).) Further, as plaintiff notes again in his most recent letter, his claim is based, in the alternative, on an absence of probable cause in the assault case, irrespective of whether there was a warrant in his robbery case. (*See* 9/18/17 Letter at 2.) Thus, the court finds, as it did previously, that plaintiff's claim based on a lack of probable cause was available to him within the limitations period, regardless of whether there was a warrant, and plaintiff nonetheless failed to bring a timely claim.

Based on the foregoing, the court finds that plaintiff's amended complaint fails to cure the deficiencies of his original complaint, noted in the court's prior order, and that the amended complaint, therefore, fails to state a claim upon which relief may be granted.

## **CONCLUSION**

Based on the foregoing, plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because amendment would be futile. *See Becnel v. Deutsche Bank,* AG, 507 Fed.Appx. 71, 73 (2d Cir. 2013) (Summary Order) (upholding dismissal with prejudice on basis that amendment would be futile because claims would be time-barred even if such amendment were allowed). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing this action, serve plaintiff with a copy of this Memorandum and Order, the judgment, and an appeals packet, at the address of record, and to close this case.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2017 WL 4863083

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.